(No. 24709.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* TIMOTHY F. DONOHUE, Plaintiff in Error.

*Opinion filed October 17, 1938.*

FRANK A. McDONNELL, and EDWARD J. CALLAHAN, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, BLAIR L. VARNES, and WILLIAM B. CRAWFORD, of counsel,) for the People.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The defendant, Timothy F. Donohue, was indicted in the criminal court of Cook county for embezzlement of a check of the value of $2767.77. He waived trial by jury, was tried before the court and was found guilty. Motions for a new trial and in arrest of judgment were overruled. He has sued out this writ of error.

On May 18, 1937, the defendant was an assistant cashier in the bureau of water of the city of Chicago, having been so employed for a period of four years. His duties were to collect all items turned over to him for the payment of water bills by the water users of Chicago. During a portion of each day he received cash payments, usually amounting to between three and four thousand dollars, made in person at the office of the bureau of water. In addition to handling these over-the-counter collections, the defendant each day received payments of water bills that were transmitted through the mails. At the close of each business day, it was the defendant's duty to deposit with the head cashier of the bureau of water all collections made by him. The total amount of the deposits had to balance with the total amount of the vouchers which had been marked paid and transmitted by the defendant to the registration department on that particular day.

It was the custom of many large water users to pay their water bills several days ahead of the discount date. Those who paid in this way mailed their vouchers, together with their checks, and retained their bills as office invoices.

An agent of the International Harvester Company testified that on May 6, 1937, the witness mailed to the bureau

of water of Chicago a check in the amount of $2836.62 along with two vouchers totalling that amount. The due date of these vouchers was May 18, 1937. This check was endorsed by the defendant for payment and deposited May 11, 1937. The account of the International Harvester Company was charged with the above amount on May 13, 1937. The check was sent through, without the accompanying voucher, prior to the due date, in order that the defendant might cover certain items of cash taken by him prior to that time.

On May 14, 1937, the defendant received in his mail collections a check of the Indiana Harbor Belt Railway Company made payable to the bureau of water in the amount of $2767.77 and dated May 13, 1937. This was the check upon which the indictment was predicated. The check was accompanied by a voucher showing a net bill due on or before May 26, 1937, of the Indiana Harbor Belt Railway Company, in the above amount. The vouchers of the International Harvester Company became due on May 18, 1937, and so, on that date, the defendant reported as a collection item $2836.62, due and payable on that date by the International Harvester Company. The defendant had previously sent through for collection, on May 13, the check which was intended to pay the water bill of the International Harvester Company to cover a prior cash defalcation. Thus, being short the amount of such check, he used the check of the Indiana Harbor Belt Railway Company to pay the water bill of the International Harvester Company, and thereby temporarily balanced his own account.

Section 80 of the Criminal Code (Ill. Rev. Stat. 1937, chap. 38, par. 214) provides: "If any State, county, township, city, town, village or other officer elected or appointed under the constitution or laws of this State, or any clerk, agent, servant, or employee of any such officer, embezzles or fraudulently converts to his own use, or fraudulently takes or secretes with intent so to do, any money, bonds,

mortgages, coupons, bank bills, notes, warrants, orders, funds or securities, books of record, or of accounts, or other property belonging to, or in the possession of the State or such county, township, city, town or village, or in possession of such officer by virtue of his office, he shall be imprisoned in the penitentiary not less than one nor more than fifteen years." In *Spalding* v. *People,* 172 Ill. 40, and *People* v. *Schrager,* 315 id. 169, we held that where one wrongfully and intentionally appropriates to his own use the property of another lawfully in his possession the offense of embezzlement is complete. The check of the Indiana Harbor Belt Railway Company was the property of the city of Chicago. It came into the possession of the defendant by reason of and during the course of his employment and was wrongfully appropriated to his own use.

The principal ground urged by the defendant for reversal of the judgment is that the People failed to prove any conversion by the defendant. The evidence discloses that the defendant had taken a large amount of cash which he had collected in over-the-counter payments and used it to bet on horse races. To cover the resulting shortage, the defendant used the checks of the water users who had sent in vouchers and checks prior to the due date of their water bills. In so doing he would show the check as the offsetting debit item for a particular voucher which, in fact, had been paid in cash. The regulations of the water department required that the checks be deposited on the day received. By failing to deposit the check and its accompanying voucher on the day received, the defendant thereby misappropriated the funds belonging to the water bureau and wrongfully converted such monies to his own use. He credited the amount of such checks to the wrong accounts for the purpose of covering up shortages caused by previous defalcations.

In *People* v. *Bender,* 23 Pac. (2) 439, a case decided by the District Court of Appeals of the Second District, Divi-

sion 2, California, the defendant was an employee in the assessor's office of Los Angeles county. He received a check from a taxpayer and thereafter used it to cover up shortages in his accounts caused by prior defalcations. The court held that the use of the check to conceal another shortage constituted and completed the crime of embezzlement. To the same effect are *People* v. *Forman*, 228 Pac. (Cal.) 378; *State* v. *Glaze*, 177 Iowa, 457, 159 N. W. 260, and *People* v. *Rowland*, 106 Pac. 428, 12 Cal. App. 6. We are of the opinion that the misappropriation of the check to cover a prior defalcation clearly constitutes an offense within the meaning of section 80 of the Criminal Code.

The defendant further contends that the indictment is insufficient to support the finding and judgment of the court in that the fiduciary position of the defendant is not properly set forth. Examination of the indictment discloses that it states that the defendant was appointed an agent of the city of Chicago and that the check came into his possession as assistant cashier of the bureau of water. Counsel for the defendant made no motion to quash the indictment and the same is sufficient to support the decision of the trial court.

The defendant objected to the introduction of certain other checks which had been received by the defendant in collections made through the mail. Such evidence was competent to prove the defendant's shortage as a cashier for the city of Chicago and to explain the system which he employed to cover his defalcations.

There is no prejudicial error in the record and the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*